[No. 1708, March 10, 1915.]

LOVATO et al. v. CATRON et al.

[Rehearing Denied May 15, 1915.]

SYLLABUS BY THE COURT.

1. Where beneficiaries, having an interest in a trust fund, are induced, by alleged fraudulent representations, to assign

Lovato v. Catron et al., 20 N. M. 168

their respective interests in the fund, and the assignee presents the respective assignments to the trustee, who, without knowledge of the alleged fraud, pays to the assignee the full amount due the beneficiaries, respectively, the trust is thereby fully executed, and the trustee has no further interest in the fund and cannot maintain a suit in equity, for and on behalf of the beneficiaries, to cancel the assignments and compel the assignee to account to the beneficiaries for the true amount due.

P. 174

2. In such case, the causes of action being several, and there being no ground for equitable interference in behalf of the beneficiaries, jointly, they cannot maintain a joint suit in equity for the redress of their alleged grievances.

P. 177

Appeal from District Court, Santa Fé County; E. C. Abbott, Judge.

Suit by José Rafael Lovato and others against A. B. Renehan and another. From a judgment of dismissal, plaintiffs appeal. Affirmed.

FRANCIS C. WILSON of Santa Fé, for appellants.

The substituted trustee is the proper party to bring suit for his cestui que trust.
Subsections 2 and 3, sec. 2685, C. L. 1897.

The substituted trustee stands in the shoes of his father, the original trustee.
Perry on Trusts, (6th Ed.) sec. 73.

As the legal owner of the property the substituted trustee could pursue the funds into the hands of strangers without joining his beneficiaries in the action.
Estate of Straut, 126 N. Y. 201; Barton v. Martin, 60 Mo. App. 351; Choutran v. Boughton, 100 Mo. 406.

A trust does not become fully executed until the subject matter of it has been properly paid over to the cestuis que trust according to the terms of the instrument.

39 Cyc. 430.

As to the duty of trustee in the premises, see Perry on Trusts (6th Ed.) sec. 401.

The complaint alleges facts necessary to be alleged to show the element of fraud in the factum.

1 Page on Contracts, 111, 112.

For manner in which trustees may be discharged, see Perry on Trusts (6th Ed.) par. 921.

Courts of equity cast upon trustees the duty of seeing that money reaches the person entitled to the same.

Perry on Trusts (6th Ed.) sec. 929.

It does not lie in the mouth of the person responsible for the fraud to defend himself on the ground that the trustee should not have paid out trust funds without first investigating.

Linington v. Strong, 107 Ill. 302; Labbe v. Corbett, 69 Tex. 509; Reyell v. Sprye, 1 De G. M. & G. 710; Watson v. Atwood, 25 Conn. 313; Firestone v. Werner, 1 Ind. App. 293; Erickson v. Fisher, 51 Minn. 300.

E. R. WRIGHT and J. H. CRIST of Santa Fé, for appellee Renehan.

Plaintiff must recover, if at all, upon the theory upon which the bill is framed.

22 Enc. P. & P., 125; 21 Enc. P. & P., 649.

The rule as to following trust funds into the hands of third persons had its origin in Pennell v. Deffel, 4 De G. M. & G. 373.

Duty of Howard as Trustee.

Lovato v. Catron et al., 20 N. M. 168

3 Pom. Eq. Juris., sec. 1070; Hun v. Cary, 82 N. Y. 65, 37 Am. R. 546.

Even where trustee is deceived and acting in good faith pays money to wrong party, on account of forged documents, he must pay same over again to right party.

Ashby v. Blackwell, 2 Eden 299, 302; Eaves v. Hickson, 30 Beav. 136; Haydel v. Hurck, 5 Mo. App. 267; Perry on Trusts, sec. 926.

The trial court properly distinguishes fraud in the factum and fraud in the inducement.

There is no liability on the part of the trustee to his cestuis que trust and therefore the trustee is without interest in the subject matter of this suit.

As to fraud in the factum and fraud in the inducement see 1 Page on Contracts, sec. 63, pp. 111 and 112; id., secs. 64, 87, 133.

Suits in equity are not to be looked upon as "drag net" proceedings. Thomas v. Council Bluffs Canning Co., 92 Fed. 422, by Judge Sanborn, is particularly applicable to this case.

Until rescinded, assignments are valid.
Bisham's P. of Eq. (4th Ed.), sec. 472.

Howard is not the plaintiff. The complaint says that the plaintiffs now come by Howard, their substituted trustee, and as substituted trustee for plaintiffs aver, etc.

REPLY BRIEF OF APPELLANT.

Fraud destroys the contract, ab initio.
1 Bouvier's Law Directory (2d Ed.) 590; U. S. v. Gomez, 23 How. (64 U. S.) 326; Stimpson v. W. Chester R. Co., 4 How. (45 U. S.) 380.

The object of this suit is to recover trust funds and this suit in no wise affects the relations between the trustee and his cestuis que trust.

Carey v. Brown, 92 U. S. 171, 23 L. Ed. 469; Jackson County v. Derrick, 117 Ala. 364, 29 So. 198.

## OPINION OF THE COURT.

PARKER, J.—This is a suit in equity brought by a trustee for the benefit of a number of beneficiaries. A demurrer was interposed to the complaint, and sustained by the court, and, the plaintiffs electing to stand upon the complaint, a judgment of dismissal ·was entered, from which this appeal has been taken.

The allegations of the complaint are to the effect that certain persons named in the complaint were beneficiaries of a certain express trust, of which the plaintiff was trustee. The trust arose out of the fact that the beneficiaries were the owners of certain fractional interests in a certain land grant, which had been partitioned and their respective interests set off to them; that they constituted one George Hill Howard their trustee, with power to sell and convey their respective interests, which was done, and the trustee took back a mortgage upon the property as security for the payment of the purchase price; that thereafter, the trustee having died, the present plaintiff was substituted as such trustee; that the whole of said land grant having been sold, the money was thereby provided to pay off the said mortgage, and was paid to the present plaintiff, as such substituted trustee, for the use and benefit of the said beneficiaries. The complaint then proceeds to charge that the defendants, Renehan and Catron, combined and confederated to cheat and defraud the plaintiffs, and obtained assignments from some of them by misrepresentations of their respective interests in the funds so provided to pay off the said mortgage; that the defendant Renehan, by means of the same false and fraudulent representations, obtained directly from others of the said beneficiaries assignments of their respective interests in the said fund; that the defendant Renehan obtained from a certain one of said beneficiaries a certain other interest in

said fund, by means of the same false and fraudulent representations; that, after the defendant Renehan had thus obtained the assignments of the larger portion of the said beneficiaries, he presented them to the plaintiff, as such trustee, who, without knowledge of the alleged fraudulent and false representations, alleged to have been the inducement for the execution of the said assignments, paid over to the said defendant Renehan the amounts due respectively to the beneficiaries, from whom he held such assignments.

The prayer of the complaint is that the assignments shall be declared to be null and void and of no binding effect whatsoever, and that the defendants, Catron and Renehan, be required to account to the plaintiffs for the amount which they obtained by the means set out in the complaint.

There is an allegation in the complaint to the effect that the defendant Renehan, after securing the various assignments from the beneficiaries, and before presenting the same to the trustee for payment, and without the knowledge or authority of either the beneficiaries or the trustee, raised the respective amounts of consideration to be paid to each beneficiary above that originally mentioned in the respective assignments, and presented the same, thus altered, to the trustee for payment. But it is nowhere alleged or intimated that either the beneficiaries or the trustee were deceived or defrauded thereby. The beneficiaries had already assigned their respective interests absolutely to the defendant Renehan for a certain specified sum to each, and it was immaterial, as to them, whether the assignments recited a consideration of $1 or $1000. In any event, they could recover the amount agreed upon; no more, no less. As to the trustee, there is no fact alleged showing that he was deceived by these alterations, or that any liability to his beneficiaries was thereby created. None could be created under the circumstances. If they executed the assignments under such circumstances as to make a valid contract, the trustee was in no way concerned as to what they were to receive, nor was his obligation to them in any way increased or chang-

ed. All that was required of him was to pay all the money due the beneficiaries, respectively, to the defendant Renehan. When this was done, his duty was performed, and his obligations ceased. This is not like a case of forgery. In such case no order for the money is given. Here an absolute order for the money is given, and the amount to be turned over to the beneficiary is a matter which concerns him alone. We regard the allegation, therefore, as irrelevant and immaterial.

The sum and substance of the complaint, then, is that the defendant Renehan, by falsely pretending that a certain sum was due each of the beneficiaries out of a fund in the hands of a trustee,, induced the beneficiaries to assign their respective claims upon the fund to him for such amounts, respectively, as he so represented to be due them. The trustee thereupon files this complaint for and on behalf of the beneficiaries, praying that the assignments be held null and void, and that the defendants be made to account to the respective beneficiaries for the money thus fraudulently obtained from them.

[1] The complaint is based upon the doctrine of the right to follow trust funds into the hands of persons wrongfully obtaining possession of the same. It is apparent that the complaint cannot be maintained. The doctrine of following trust funds has no application to the funds in this case. The argument by counsel for appellants, in support of the application of the doctrine, is founded upon a statement in 2 Perry on Trusts, § 929, where it is said:

"So the trustee must see to the genuineness of the authority of the agent to whom he pays or transfers the property, for if there is forgery or fraud, or want of authority, in the person to whom the property is transferred, the trustee will be responsible."

Therefore, it is argued, if these assignments were fraudulently obtained, the trustee is still liable to the beneficiaries, the trust has not been executed, and the trustee may follow and recover the fund. Counsel overlooks, however, the distinction between contracts which are void, and

those which are only voidable, by reason of fraud. This is the distinction between fraud in the factum and fraud in the inducement. In the former case the contract is void by reason of the fraud; in the latter case it is voidable, only, for the fraud. It is in the former sense, evidently, that the author uses the term "fraud." Thus the same author, in section 926 of the same work, says:

"If the trustee has notice of an assignment by the cestui que trust, he cannot safely pay to the assignor either principal or interest, although the assignment is in the nature of a mortgage only, for notice to the trustee of the assignment is equivalent to taking possession by the assignee under a mortgage. Even if the deed is fraudulent and voidable, the trustee cannot pay to the assignor until it is avoided. On the other hand, it is said that the trustee may safely pay to the assignee, until the deed is impeached, especially if the assignee has the power of signing receipts." Beddoes v. Pugh, 26 Beav. 407.

In the case cited, Pugh had been made trustee of certain property by a deed executed by his father and himself for the benefit of his sisters and brothers. One of his sisters sought to compel him to carry out the trust. He defended on the ground that his concurrence in the transaction, which resulted in the trust instrument, had been improperly obtained, and that the effect of the trust instrument was a fraud on the original power and wholly void. The Master of the Rolls said:

"But, in my opinion, it is not necessary for me to decide that question at present. The question before me is whether the deed is ipso facto, upon the face of it and with the surrounding circumstances, void, because if it be not, so long as it stands, the cestui que trust under it are entitled to call on this court to carry its provisions into effect for their benefit; they being in no respect tainted with any conduct which can disqualify them from receiving any benefit intended to be secured to them by its provisions. My

opinion is that it is not void on the face of it,
and that until this deed has been declared to be
void, and ordered to be delivered up to be can-
celled, this court must act on its provisions. I
also think that a declaration of the invalidity of
the deed could only, if at all, be made in a suit
regularly instituted for that purpose by William
Buckley Pugh; and that, even if it were my
opinion that, in a suit properly instituted for
that purpose, such a decree would be made, it
would not be competent to this court to make
such a decree or order on behalf of the defendant
in the present suit."

As to the distinction between fraud in the inducement
and fraud in the factum, see 1 Page on Contracts, § 63,
where it is said:

"The commonest form of fraud in the factum
exists where an instrument in writing is drawn
up and signed by one party under a false belief
as to its contents, due to the fraud of the adver-
sary party. In such case the contract is gener-
ally held to be void. Hence such a contract need
not be rescinded, and the party seeking to avoid
liability need not return what he has received
thereunder. Thus substituting a quitclaim deed
for a mortgage, or a deed for a power to collect
rents, omission to read to mortgagor a clause as-
suming a mortgage, or inserting without the
knowledge of the adversary party a clause mak-
ing a certain pledge collateral security for all
debts owing, instead of for the debt in question,
a false statement as to the covenants in a written
lease, or the amount of goods specified in a writ-
ten order, or the manner of payment, each
makes such instruments void. Whether fraud
in the factum exists in the particular case is a
question of fact."

In section 64 the author said:

"If the party who has been induced to execute
a written contract by a fraudulent representa-

tion as to its contents seeks to avoid liability thereunder, it is clear that he has never in fact assented to the contract as written."

In section 87 the author says:

"Fraud in the inducement exists where the defrauded party understands the identity of the adversary party, the consideration, the subject-matter, and the terms of the contract, and he is willing to enter into the contract in question; but his willingness so to enter is caused by a fraudulent misrepresentation of the adversary party as to a material fact."

In section 133 the author says:

"As affecting the validity of the contract, fraud in the inducement renders the contract voidable, not void"—citing many cases, among which is Och v. Railway, 130 Mo. 27, 31 S. W. 962, 36 L. R. A. 442.

It follows, upon the facts pleaded, that the trustee has no longer any interest in the fund; the trust has been executed, so far as he is concerned; and he is an improper plaintiff in this case. The sole causes of action remaining, upon the alleged facts, are possessed by the beneficiaries in severalty.

[2] The causes of action of the beneficiaries being several, and there being no room for the application of the equitable jurisdiction to avoid a multiplicity of suits, the beneficiaries cannot maintain a suit of this character jointly.

The district court correctly sustained the demurrer, and its judgment will be affirmed; and it is so ordered.

ROBERTS, C. J., and HANNA, J., concur.